THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* BERNABÉ RUIZ TORRES, Defendant and Appellant.

No. 9243. Argued June 11, 1942.—Decided June 23, 1942.

*Ernesto Ramos Antonini* and *Víctor Gutiérrez Franqui* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney,* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The appellant was convicted of voluntary manslaughter and sentenced to six years' imprisonment at hard labor in the penitentiary. He assigns as ground for this appeal that the court erred in denying his motion for a new trial and in sentencing him to the above penalty notwithstanding the recommendation to mercy from the jury.

 The motion for a new trial was based on newly discovered testimonial evidence; but neither in the motion nor in the so-called affidavit of merits are there set forth the reasons why such evidence was not obtained prior to the trial. It is only stated by one of the attorneys for the defendant that according to his knowledge the accused took steps to secure the testimony of Jesús Rivera Febres, alias Ventorrillo, and of David Soto de Jesús, alias Vieques, for submission to the court on the day of the trial and that he knows that the defendant failed in his steps. Such mere conclusions are not supported by facts from which we might determine the sufficiency of the steps as well as the impossibility of timely securing such testimony. Apart from this defect, which by itself would be sufficient ground for denying the motion for a new trial, we may add that we have examined the testimony which would be given by said witnesses if a new trial were granted, and such testimony only constitutes cumulative evidence.

██ The second error assigned is as much without merit as the one just discussed by us. Voluntary manslaughter is punishable by a maximum penalty of 10 years' imprisonment in the penitentiary, and no attenuating circumstances whatever appear from the evidence. On the other hand, if we must give credence to the witnesses for the prosecution, the offense is on the border line between the murder with which he was charged and the voluntary manslaughter of which the appellant was convicted. Therefore, the appellant might have been sentenced to 10 years' imprisonment in the peni-

tentiary and he was only sentenced to a 6-year term, the judge taking into consideration, as expressly stated by him, although he was not necessarily compelled to do so, the recommendation to mercy from the jury.

For the foregoing reasons the appeal must be denied and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.